**B22A (Official Form 22A) (Chapter 7) (12/08)**

In re   Deborah S. Andreasen and Earl W. Andreasen
_____
Debtor(s)

Case Number: _____
(If known)

| According to the information required to be entered on this statement (check one box as directed in Part I, III, or VI of this statement): |
| --- |
| ☐ **The presumption arises.** |
| ☐ **The presumption does not arise.** |
| ☒ **The presumption is temporarily inapplicable.** |
| (Check the box as directed in Parts I, III, and VI of this statement.) |

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS |
| --- |

| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| --- | --- |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☒ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>☐ I remain on active duty /or/<br>☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>OR<br><br>b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above.   **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☒ Married, filing jointly.   **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six month total by six, and enter the result on the appropriate line. | | | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | | | $ | $ |
| 4 | **Income from the operation of a business, profession, or farm.**   Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.** | | | | |
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary business expenses | $ | | |
| | c. | Business income | Subtract Line b from Line a | $ | $ |
| 5 | **Rent and other real property income.**   Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.** | | | | |
| | a. | Gross receipts | $ | | |
| | b. | Ordinary and necessary operating expenses | $ | | |
| | c. | Rent and other real property income | Subtract Line b from Line a | $ | $ |
| 6 | **Interest, dividends, and royalties.** | | | $ | $ |
| 7 | **Pension and retirement income.** | | | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | | | $ | $ |
| 9 | **Unemployment compensation.**   Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br>Unemployment compensation claimed to be a benefit under the Social Security Act   Debtor $_____   Spouse $_____ | | | $ | $ |
| 10 | **Income from all other sources.**   Specify source and amount. If necessary, list additional sources on a separate page.   **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance.** Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
| | a. | | 0 | | |
| | b. | | 0 | | |
| | Total and enter on Line 10 | | | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).**   Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | | | $ | $ |
| 12 | **Total Current Monthly Income for § 707(b)(7).**   If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 11, Column A. | | | $ | |

| | **Part III. APPLICATION OF § 707(b)(7) EXCLUSION** | |
|---|---|---|
| 13 | **Annualized Current Monthly Income for § 707(b)(7).**    Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | **Applicable median family income.**    Enter the median family income for the applicable state and household size. (This information is available by family size at    www.usdoj.gov/ust/    or from the clerk of the bankruptcy court.)<br>a. Enter debtor's state of residence: _____    b. Enter debtor's household size: _____ | $ |
| 15 | **Application of Section 707(b)(7).**    Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**    Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI, or VII.<br>☒ **The amount on Line 13 is more than the amount on Line 14.**    Complete the remaining parts of this statement. | |

**Complete Parts IV, V, VI, and VII of this statement only if required. (See Line 15).**

| | **Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)** | |
|---|---|---|
| 16 | **Enter the amount from Line 12.** | $ |
| 17 | **Marital adjustment.**    If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | |
| 18 | **Current monthly income for § 707(b)(2).**    Subtract Line 17 from Line 16 and enter the result. | $ |

Within Line 17:

| a. | | $ |
|---|---|---|
| b. | | $ |
| c. | | $ |

Total and enter on Line 17    $

| | **Part V. CALCULATION OF DEDUCTIONS FROM INCOME** | |
|---|---|---|
| | **Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)** | |
| 19A | **National Standards: food, clothing, and other items.**    Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at    www.usdoj.gov/ust/    or from the clerk of the bankruptcy court.) | $ |
| 19B | **National Standards: health care.**    Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at    www.usdoj.gov/ust/    or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | $ |
| 20A | **Local Standards: housing and utilities; non-mortgage expenses.**    Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

Within Line 19B:

| | Household members under 65 years of age | | | Household members 65 years of age or older | |
|---|---|---|---|---|---|
| a1. | Allowance per member | | a2. | Allowance per member | |
| b1. | Number of members | | b2. | Number of members | |
| c1. | Subtotal | | c2. | Subtotal | |

| 20B | **Local Standards: housing and utilities; mortgage/rent expenses.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | |
|---|---|---|
| | | |

| | a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ | |
| | c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | |
|---|---|---|
| | | $ |

| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☒ 0  ☐ 1  ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|

| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1  ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | |
|---|---|---|
| | | |

| | a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|---|
| | b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | |
|---|---|---|
| | a. | IRS Transportation Standards, Ownership Costs | $ | |
| | b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ | |
| | c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

B22A (Official Form 22A) (Chapter 7) (12/08) - Cont. 5

| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social-security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | |
| 26 | **Other Necessary Expenses: mandatory payroll deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due support obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service -- such as pagers, call waiting, caller id, special long distance, or internet service -- to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32 | $ |

## Subpart B: Additional Living Expense Deductions
## Note: Do not include any expenses that you have listed in Lines 19-32

| 34 | **Health Insurance, Disability Insurance and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. <table><tr><td>a.</td><td>Health Insurance</td><td>$</td></tr><tr><td>b.</td><td>Disability Insurance</td><td>$</td></tr><tr><td>c.</td><td>Health Savings Account</td><td>$</td></tr></table> Total and enter on Line 34 **If you do not actually expend this total amount,** state your actual total average monthly expenditures in the space below: $ _____ | $ |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

B22A (Official Form 22A) (Chapter 7) (12/08)   - Cont.

| | | |
|---|---|---|
| 38 | **Education expenses for dependent children less than 18.**   Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age.   **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |
| 39 | **Additional food and clothing expense.**   Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at ___www.usdoj.gov/ust/___ or from the clerk of the bankruptcy court.)   **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 40 | **Continued charitable contributions.**   Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).**   Enter the total of Lines 34 through 40 | $ |

## Subpart C: Deductions for Debt Payment

| | | |
|---|---|---|
| 42 | **Future payments on secured claims.**   For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. | $ |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? | |
|---|---|---|---|---|---|
| a. | | | $ | ☐ yes | ☐ no |
| b. | | | $ | ☐ yes | ☐ no |
| c. | | | $ | ☐ yes | ☐ no |
| d. | | | $ | ☐ yes | ☐ no |
| e. | | | $ | ☐ yes | ☐ no |
| | | | Total: Add Lines a - e | | |

| | | |
|---|---|---|
| 43 | **Other payments on secured claims.**   If any of the debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. | |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| b. | | | $ |
| c. | | | $ |
| d. | | | $ |
| e. | | | $ |
| | | | Total: Add Lines a - e |

(and $ at right for line 43 total)

| | | |
|---|---|---|
| 44 | **Payments on prepetition priority claims.**   Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |

| | | | | |
|---|---|---|---|---|
| 45 | **Chapter 13 administrative expenses.**     If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. | | | |

| | | | |
|---|---|---|---|
| | a. | Projected average monthly Chapter 13 plan payment. | $ |
| | b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at    www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| | c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b |

| 45 | | | $ |
|---|---|---|---|

| 46 | **Total Deductions for Debt Payment.**     Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).**     Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18 (Current monthly income for § 707(b)(2))** | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47 (Total of all deductions allowed under § 707(b)(2))** | $ |
| 50 | **Monthly disposable income under § 707(b)(2).**     Subtract Line 49 from Line 48 and enter the result | $ |
| 51 | **60-month disposable income under § 707(b)(2).**     Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.**     Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than $6,575**     Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI.<br>☒ **The amount set forth on Line 51 is more than $10,950.**     Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI.<br>☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.**     Complete the remainder of Part VI (Lines 53 through 55). |
|---|---|

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
|---|---|---|
| 54 | **Threshold debt payment amount.**     Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.**     Check the applicable box and proceed as directed.<br><br>☐ **The amount on Line 51 is less than the amount on Line 54.**     Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII.<br>☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.**     Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |
|---|---|

## PART VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.**   List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|---|---|

| | Expense Description | Monthly Amount |
|---|---|---|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| | Total: Add Lines a, b, and c | $ |

**B22A (Official Form 22A) (Chapter 7) (12/08)    - Cont.**

| | Part VIII: VERIFICATION |
|---|---|
| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct.    *(If this a joint case, both debtors must sign.)*<br><br>Date: _____    Signature:  */s/ Deborah S. Andreasen*  _____<br>                                                                    (Debtor)<br>Date: _____    Signature:  */s/ Earl W. Andreasen*  _____<br>                                                                    (Joint Debtor, if any ) |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen*
    *and*
    *Earl W. Andreasen*

Case No.
Chapter   7

_____
                    Debtor(s)

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒   1. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.   *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐   2. Within the 180 days   **before the filing of my bankruptcy case,**   I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.   *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐   3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D (Official Form 1, Exhibit D) (12/08)

☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency
so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after
reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement
of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Earl W. Andreasen* _____

Date: _____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen*                                        Case No.
    *and*                                                          Chapter   7
    *Earl W. Andreasen*

_____
                              Debtor(s)

# EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**WARNING: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

☒    1. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me.    *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐    2. Within the 180 days  **before the filing of my bankruptcy case,**    I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not I have a certificate from the agency describing the services provided to me.    *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐    3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now.
*[Summarize exigent circumstances here.]*

**    If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

☐    4.  I am not required to receive a credit counseling briefing because of:  *[Check the applicable statement]*
*[Must be accompanied by a motion for determination by the court.]*

☐    Incapacity. (Defined in 11 U.S.C. § 109 (h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐    Disability. (Defined in 11 U.S.C. § 109 (h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐    Active military duty in a military combat zone.

☐    5.  The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:    */s/ Deborah S. Andreasen*

Date:    _____

**Official Form 1 (1/08)**

| United States Bankruptcy Court | **Voluntary Petition** |
|---|---|
| NORTHERN DISTRICT OF ILLINOIS | |

| Name of Debtor (if individual, enter Last, First, Middle): | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| **Andreasen, Deborah S.** | **Andreasen, Earl W.** |

| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
|---|---|
| **NONE** | **NONE** |

| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **0207** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN (if more than one, state all): **7614** |
|---|---|

| Street Address of Debtor (No. & Street, City, and State): **14816 S. Hawthorne Circle Plainfield IL** ZIPCODE **60544** | Street Address of Joint Debtor (No. & Street, City, and State): **14816 S. Hawthorne Circle Plainfield IL** ZIPCODE **60544** |
|---|---|

| County of Residence or of the Principal Place of Business: **Will** | County of Residence or of the Principal Place of Business: **Will** |
|---|---|

| Mailing Address of Debtor (if different from street address): **SAME** ZIPCODE | Mailing Address of Joint Debtor (if different from street address): **SAME** ZIPCODE |
|---|---|

| Location of Principal Assets of Business Debtor (if different from street address above): **SAME** ZIPCODE |
|---|

---

**Type of Debtor** (Form of organization)

(Check **one** box.)

- [x] Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.*
- [ ] Corporation (includes LLC and LLP)
- [ ] Partnership
- [ ] Other (if debtor is not one of the above entities, check this box and state type of entity below)

**Nature of Business**

(Check **one** box.)

- [ ] Health Care Business
- [x] Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)
- [ ] Railroad
- [ ] Stockbroker
- [ ] Commodity Broker
- [ ] Clearing Bank
- [ ] Other

**Tax-Exempt Entity**

(Check box, if applicable.)

- [ ] Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code).

**Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- [x] Chapter 7
- [ ] Chapter 9
- [ ] Chapter 11
- [ ] Chapter 12
- [ ] Chapter 13
- [ ] Chapter 15 Petition for Recognition of a Foreign Main Proceeding
- [ ] Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding

**Nature of Debts** (Check one box)

- [ ] Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose"
- [x] Debts are primarily business debts.

**Chapter 11 Debtors:**

**Check one box:**

- [ ] Debtor is a small business as defined in 11 U.S.C. § 101(51D).
- [ ] Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).

**Check if:**

- [ ] Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,190,000.

- - - - - - - - - - - - - - - - - - - - - - - - - - -

**Check all applicable boxes:**

- [ ] A plan is being filed with this petition
- [ ] Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

---

**Filing Fee** (Check one box)

- [x] Full Filing Fee attached
- [ ] Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.
- [ ] Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Offi cial Form 3B.

---

**Statistical/Administrative Information**

THIS SPACE IS FOR COURT USE ONLY

- [ ] Debtor estimates that funds will be available for distribution to unsecured creditors.
- [x] Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

Estimated Number of Creditors

| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Assets

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] | [ ] |

Estimated Liabilities

| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|
| [ ] | [ ] | [ ] | [ ] | [x] | [ ] | [ ] | [ ] | [ ] | [ ] |

Official Form 1 (1/08)                                                    FORM B1, Page   2

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | *Deborah S. Andreasen and Earl W. Andreasen* |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** | | (If more than two, attach additional sheet) |
|---|---|---|
| Location Where Filed: *NONE* | Case Number: | Date Filed: |
| Location Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor** | | (If more than one, attach additional sheet) |
|---|---|---|
| Name of Debtor: *NONE* | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<th>Exhibit A<br>(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under Chapter 11)</th>
<th>Exhibit B<br>(To be completed if debtor is an individual whose debts are primarily consumer debts)</th>
</tr>
<tr>
<td><br><br>☐ Exhibit A is attached and made a part of this petition</td>
<td>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. §342(b).<br><br>**X**<br><br>—————————————————————————————<br>Signature of Attorney for Debtor(s)                              Date</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐ Yes, and exhibit C is attached and made a part of this petition.
☒ No

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☒ Exhibit D completed and signed by the debtor is attached and made part of this petition.
If this is a joint petition:
☒ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box)

☒ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐ Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐ Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

—————————————————————————————
(Name of landlord that obtained judgment)

—————————————————————————————
(Address of landlord)

☐ Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐ Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐ Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

Official Form 1 (1/08)                                                                    FORM B1, Page   3

| Voluntary Petition | Name of Debtor(s): |
| --- | --- |
| *(This page must be completed and filed in every case)* | *Deborah S. Andreasen and Earl W. Andreasen* |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.

[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.

[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b)

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** */s/ Deborah S. Andreasen*
Signature of Debtor

**X** */s/ Earl W. Andreasen*
Signature of Joint Debtor

_____
Telephone Number (if not represented by attorney)

_____
Date

### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
(Signature of Foreign Representative)

_____
(Printed name of Foreign Representative)

_____
(Date)

### Signature of Attorney*

**X** */s/ Robert G. Whitley, Jr.*
Signature of Attorney for Debtor(s)

*Robert G. Whitley, Jr. 03005542*
Printed Name of Attorney for Debtor(s)

*Robert G. Whitley, Jr. P.C.*
Firm Name

*15028 S. DesPlaines Street*
Address

*Plainfield IL  60544*

*815-436-4700*
Telephone Number

_____
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

_____
Address

X _____

_____
Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

FORM B6A (10/05) West Group, Rochester, NY

In re _Deborah S. Andreasen and Earl W. Andreasen_ _____ / Debtor    Case No. _____

(if known)

# SCHEDULE A-REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit.  If the debtor is married, state whether the husband, wife, or both own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."  If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C-Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 14816 S Hawthorne Circle, Plainfield IL 60544 | Fee Simple | J | $ 325,000.00 | $ 325,000.00 |
| 24103 W Lockport St. Plainfield, IL 60544 | Fee Simple | J | $ 440,000.00 | $ 439,359.46 |
| | | | **TOTAL $** 765,000.00 | |

No continuation sheets attached

**TOTAL $**  765,000.00

**(Report also on Summary of Schedules.)**

B6B (Official Form 6B) (12/07)

In re <u>**Deborah S. Andreasen and Earl W. Andreasen**</u> ,    Case No. _____
         Debtor(s)                                                                                                                 (if known)

# SCHEDULE B-PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G-Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property." If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N o n e | Description and Location of Property | Husband--H<br>Wife--W<br>Joint--J<br>Community--C | Current Value<br>of Debtor's Interest,<br>in Property Without<br>Deducting any<br>Secured Claim or<br>Exemption |
|---|---|---|---|---|
| 1.  Cash on hand. | | *Cash*<br>*Location: In debtor's possession* | J | $ 20.00 |
| 2.  Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | *First Midwest Courtyard Account*<br>*Acct #.......1106*<br>*Location: In debtor's possession* | J | $ 350.00 |
| | | *Harris Bank - Deb's Account*<br>*Acct #......5525*<br>*Location: In debtor's possession* | J | $ 664.00 |
| | | *Harris Bank - Earl's Account*<br>*Acct #.........5899*<br>*Location: In debtor's possession* | J | $ 77.00 |
| | | *Harris Bank Joint Account*<br>*Acct #......3539*<br>*Location: In debtor's possession* | J | $ 657.00 |
| 3.  Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.  Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5.  Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.  Wearing apparel. | | *Wearing Apparel*<br>*Location: In debtor's possession* | J | $ 500.00 |

Page __1__ of __4__

In re _Deborah S. Andreasen and Earl W. Andreasen_____,    Case No. _____
          Debtor(s)                                                                    (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 7.  Furs and jewelry. | X | | | |
| 8.  Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.  Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interest in an education IRA as defined in 26 U.S.C. 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | _401K - Earl_<br>_Location: In debtor's possession_ | J | $ 84,801.23 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | | _Peak Fitness LLC - 1/3 interest - See attached correspondence from Attorney Rathbun with attached inventory._<br><br>_Location: 1010 S. Ridge Rd., Minooka, IL 60447; Assets may have been sold; Debtors are not privy to actions of majority owners of the LLC._ | W | $ 0.00 |
| 15. Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |
| 16. Accounts Receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 20. Contingent and non-contingent interests in estate of a decedent, death benefit | X | | | |

In re <u>Deborah S. Andreasen and Earl W. Andreasen</u>,   Case No. _____
                       Debtor(s)                                               (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| plan, life insurance policy, or trust. | | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as described in 11 U.S.C. 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers and other vehicles and accessories. | | *1975 Cadillac Eldorado Convertable, 75,000 miles* Location: In debtor's possession | H | $ 3,900.00 |
| | | *1980 Harley-Davidson Motorcycle* Location: In debtor's possession | W | $ 3,500.00 |
| | | *2004 Nissan VX Frontier* Location: In debtor's possession | J | $ 4,800.00 |
| | | *2009 Chevy Aveo* Location: In debtor's possession | J | $ 8,025.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |

**B6B (Official Form 6B) (12/07)**

In re **Deborah S. Andreasen and Earl W. Andreasen**            ,      Case No. _____
                    Debtor(s)                                                              (if known)

# SCHEDULE B-PERSONAL PROPERTY

(Continuation Sheet)

| Type of Property | N o n e | Description and Location of Property | Husband--H Wife--W Joint--J Community--C | Current Value of Debtor's Interest, in Property Without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | | *Airline Mechanic tools - Earl Location: In debtor's possession* | J | *$ 2,500.00* |
| | | | Total ➔ | *$ 109,794.23* |

Page ___4___ of ___4___

**(Report total also on Summary of Schedules.)**
**Include amounts from any continuation sheets attached.**

VALERIE C. BARICH
CARL R. BUCK
FRANK S. CSERVENYAK, JR.
ALLISON R. FERRO
ADAM C. GYNAC
RYAN S. KOSZYAA
WILLIAM V. KOZOL
LUIS J. MAGANA
KATHERINE L. MALONEY
MEGHAN F. PRESTON
SCOTT PYLES
TIMOTHY J. RATHBUN
ROBERT M. SHEPENUS

### R C K  RATHBUN, CSERVENYAK & KOZOL, LLC

LAW OFFICES

3260 Executive Drive
Joliet, Illinois 60431

Telephone 815-730-1977
Fax 815-730-1934
http://www.rcklawfirm.com

PLAINFIELD OFFICE
24201 West Main Street
Plainfield, Illinois 60544
Telephone 815-577-9763
Fax 815-577-9769

MOKENA OFFICE
9450 Enterprise Drive
Mokena, Illinois 60448
Telephone 708-479-9949
Fax 708-479-0503

JEFFREY L. FISHER, OF COUNSEL
207 South Water Street
Wilmington, Illinois 60481

July 31, 2009

**VIA FACSIMILE AND
REGULAR MAIL**

Mr. John Peacock
Peacock & McFarland, PC
P.O. Box 69
Morris, IL 60450

    RE:   Peak Fitness of Minooka, LLC

Dear Mr. Peacock

    Enclosed you will find a copy of a proposal to purchase the assets of Peak Fitness of Minooka, LLC by Cardinal Fitness. Pursuant to paragraphs 5.2.3. and 5.2.4 of the LLC's Operating Agreement, my clients can sell the assets to Cardinal without written notice of a meeting and without your client's consent. It is their intention to do so.

    It is my clients' desire to close the business of the health club and end their relationship with Mr. Andreason without loose ends. The pending lawsuit constitutes a drain on their personal finances, as well as your client's. As you know, Mr. Humphries, Ms. Sutcliffe, and Mr. and Mrs. Stonitsch have expended hundreds of thousands of dollars of their own money to pay on the guarantee of the fitness lease, all without any contribution by your client. If your client wishes to avoid an indemnification claim in excess of $150,000 for her share of the monies paid pursuant to the rent guarantee, please communicate her consent to dismiss the pending lawsuits and release my clients from any claims between them on or before August 7, 2009.

    I believe this is a very fair proposal, of enormous value to your client. Anticipating your cooperation regarding resolving this matter, I am

        Very truly yours,

        TIMOTHY J. RATHBUN

TJR/ldp
Enclosure
cc:   Allison Ferro

**PJV III Fitness Holdings LLC**
10760 W. 143rd St. Ste. 63
Orland Park, Illinois 60462

July 24, 2009

**PERSONAL AND CONFIDENTIAL**

Peak Fitness of Minooka, LLC
101 South Ridge Road
Minooka, IL 60447

Ladies and Gentlemen:

This letter of intent ("Letter of Intent") sets forth the principal terms and conditions whereby PJV III Fitness Holdings LLC , an Illinois limited liability company, or an affiliated entity ("Purchaser"), proposes to purchase substantially all the assets of Peak Fitness of Minooka, LLC, an)Illinois limited liability company (the "Company") (the foregoing hereinafter referred to as the "Transaction"). It is presently contemplated that the Transaction will be consummated upon the following terms and conditions:

1.    **Purchase of Assets**

Other than the Excluded Assets (defined below), Purchaser will purchase all the tangible and intangible assets of the Company (the "Purchased Assets"), including all accounts receivable; customer accounts; customer lists; customer contracts; telephone and telecopy numbers, inventory; equipment and furniture (including the equipment and furniture set forth on Exhibit A and Exhibit B hereto); licenses and permits; signage; intellectual property, including trade secrets and common law and registered copyrights, trademarks and patents; computer programs, source and object codes, databases, and related information; business records; goodwill related to the Company's business, including know how, business contacts, nonconfidential records and the right to use the "Peak Fitness" name, trademark and servicemark; and all other assets owned by the Company. For purposes of this Letter of Intent, "Excluded Assets" means all cash and cash equivalents.

2.    **Purchase Price**

(a)    The aggregate purchase price for the Purchased Assets ("Purchase Price") will be $80,000 payable in cash at the closing of the Transaction (the "Closing").

(b)    The Purchase Price will be allocated among the Purchased Assets as follows:

   i.   $5,000 for the equipment and furniture set forth on Exhibit A hereto;

   ii.  $50,000 for the equipment and furniture set forth on Exhibit B hereto; and

   iii. $25,000 for the member contracts and other intangibles.

Cardinal/Peak Fitness/Letter of Intent (execution)

Peak Fitness of Minooka, LLC
July 24, 2009
Page 2

3.  **No Assumption of Liabilities**

Purchaser will not assume any liabilities or obligations of the Company of any kind.

4.  **Closing**

Closing of the Transaction shall take place on such date that the parties may agree (the "Closing Date"), but no later than August 15, 2009.

5.  **Conduct of Business Prior to Closing**

Purchaser contemplates expenditures related to its pre-closing investigations and its legal and accounting work in connection with the proposed Transaction. Accordingly, from the date of this Letter of Intent until Closing or the earlier termination of this Letter of Intent as provided herein, the Company will conduct its business only in the ordinary course with a view toward preserving the relationships of the Company's business with its suppliers, customers, employees and others.

6.  **Conditions to Closing**

Consummation of the Transaction will be subject to the satisfaction or waiver by Purchaser of the following conditions, among others:

    (a)    the negotiation and execution of a definitive asset purchase agreement ("Definitive Agreement") on such terms and conditions as shall be mutually agreed upon by the parties, including such representations, warranties and covenants of the Company and its members, and indemnification obligations of the Company and its members, as are customary and usual for a transaction of this size and nature;

    (b)    Purchaser's review of the Company's financial statements and member contracts;

    (c)    Purchaser obtaining any necessary approvals, consents and waivers from governmental and other regulatory authorities and other third parties (if any), all of such consents and waivers to be specifically set forth in the final Definitive Agreement between the parties;

    (d)    Purchaser completing its legal, financial, operational and business due diligence review of the Company, including the Company's assets and the Company's business, the results of which are satisfactory to Purchaser, in its sole discretion;

    (e)    no material adverse change in the Company, or the Company's financial condition, assets or business prospects shall have occurred;

    (f)    Purchaser obtaining financing for the Transaction on terms satisfactory to Purchaser in its sole discretion; and

    (g)    the members of the Company entering into one year non-competition agreements in the

Cardinal/Peak Fitness/Letter of Intent (execution)

Peak Fitness of Minooka, LLC
July 24, 2009
Page 3

State of Illinois.

7. **Pre-Closing Investigations**

At all times prior to the Closing, the Company shall provide Purchaser and its representatives with such information, materials, instruments, documents and agreements, and access to the Company's assets and the books and records of each such Company as Purchaser shall reasonably request in connection with its evaluation of the Company, the Company's assets and the Company's business. In addition, during such time, the Company shall provide Purchaser with reasonable access to the Company's employees upon conditions agreed upon by the Company and Purchaser recognizing the sensitivity of such access.

8. **Confidentiality**

Each of the parties agrees to keep all information acquired as a result of these examinations, to the extent that such information is not in or shall not otherwise come into the public domain, confidential and will not disclose it to any person or use it for any other purpose than as required by law in order to enforce or exercise its rights hereunder. In the event that the contemplated Transaction does not close, each party will return to the other party all confidential information and materials relating to it. The parties hereto agree that they and their respective officers, directors, employees, representatives and agents shall keep the existence of, and the terms of, this Letter of Intent confidential. Neither this restriction nor any other restriction set forth herein shall prohibit either party from engaging independent agents, consultants, attorneys or accountants to perform the examinations contemplated by Paragraph 7 or to assist in negotiating the Definitive Agreement and Closing the contemplated Transaction. All parties agree that except as required by law, any public disclosure of information pertaining to the Transaction must have prior written approval of the other party, consistent with the terms and conditions set forth herein.

9. **Expenses, Brokers and Finders**

Each party will bear its own expenses, including attorneys' fees, accounting fees, other advisory fees and brokerage fees in negotiating and Closing the Transaction.

10. **Exclusivity**

The Company agrees that neither the Company, nor any of its officers, directors, employees, shareholders, representatives, agents, advisors or affiliates (collectively, the "Company Parties"), will directly or indirectly initiate, solicit, negotiate or discuss with any third party any inquiry, proposal or offer relating to the acquisition of the Company's business, the stock of the Company or the Company's assets, whether by merger, by purchase of assets or stock or by any other transaction. In addition, the Company shall not provide, and the Company shall cause each other Company Party to not provide, any information to any third party in connection with any third party's potential or anticipated inquiry, proposal or offer relating to the acquisition of the business of the Company, the stock of the Company or the assets of the Company, whether by merger, by purchase of assets or stock of by any other transaction. The Company further agrees that it will immediately disclose to Purchaser the existence of any offers or inquiries. The provisions of this Paragraph 10 may be terminated by the Company by a written notice to Purchaser at any time from and after 30 days from the date hereof. Notwithstanding the foregoing, in the

Cardinal/Peak Fitness/Letter of Intent (execution)

Peak Fitness of Minooka, LLC
July 24, 2009
Page 4

event that Purchaser determines not to proceed with the Transaction, Purchaser agrees to promptly inform the Company in writing of such determination, at which time the Company Parties' obligations under this Paragraph 10 shall terminate.

11.     **Termination**

Unless otherwise agreed in writing, this Letter of Intent shall terminate upon the earlier to occur of (i) the execution and delivery of the Definitive Agreement or (ii) the end of the exclusivity period described in Paragraph 10 above. The Confidentiality Agreement shall survive the termination of this Letter of Intent.

12.     **Miscellaneous.**

This Letter of Intent will be governed by and construed in accordance with the laws of the State of Illinois, without giving effect to any conflict of law principles, in a court of competent jurisdiction in Cook County, Illinois.   This Letter of Intent may not be amended or modified except by a writing signed by all of the parties. This Letter of Intent may be executed in counterparts, each of which shall be deemed an original and all of which, taken together, shall be considered one and the same letter. The section headings are for convenience only and shall not affect the interpretation hereof. The exchange of copies of this Letter of Intent and of signature pages by facsimile transmission shall constitute effective execution and delivery of this Letter of Intent.

13.     **Intent Only**

Except for the provisions of Paragraphs 5, 7, 8, 9, 10 and 12 hereof, which shall be legally binding upon the Company and Purchaser, this Letter of Intent is for the sole purpose of setting forth a basis upon which the parties would be agreeable to the consummation of the contemplated Transaction, and is not intended to be a legally binding contract. Other than as set forth in Paragraphs 5, 7, 8, 9, 10 and 12 hereof, which shall be legally binding upon the Company and Purchaser, the legal obligations of the parties will arise only upon the execution of a definitive written agreement in form and substance acceptable to the parties and their respective counsel.

Cardinal/Peak Fitness/Letter of Intent (execution)

Peak Fitness of Minooka, LLC
July 24, 2009
Page 5

Please indicate your agreement as to our understanding by executing and returning the enclosed copy of this Letter of Intent no later than July 31, 2009. I look forward to working with you on a successful Transaction.

Sincerely yours,

PJV III HOLDINGS LLC

By:_____

Title :_____

Agreed and accepted to this
___ day of July, 2009:

PEAK FITNESS OF MINOOKA, LLC

By: _____

Title:_____

Cardinal/Peak Fitness/Letter of Intent (execution)

Exhibit  "A"

Additional items with our cost as noted  —

| | | |
|---|---|---|
| Red table | 1 | |
| Round elevated tables | 2 | |
| Gray cloth chairs | 2 | 2000.00 |
| Leather high back chair | 1 | |
| Elevated counter chairs | 13 | |

| | | |
|---|---|---|
| Lifeline AED | 1 | 1500.00 |
| Health-o-meter scale | 1 | 200.00 |
| Refrigerator | 1 | 400.00 |
| Commercial ice maker | 1 | 600.00 |
| 5' two door wine cooler | 1 | 500.00 |
| Cash drawer | 1 | 50.00 |

| | |
|---|---|
| 26" Dell  LCD | 1300.00 |
| Aerobics stereo with headset and high stand speakers | 2000.00 |
| Receiver with 6 Bose speakers | 800.00 |
| 2 complete computers | 1600.00 |

| | |
|---|---|
| Our cost | 10,950.00 |

| | |
|---|---|
| Asking additional | 5000.00 |

| ITEM | MODEL # | BRAND | QUANTITY |
|---|---|---|---|
| Treadmill | 95Ti (attached TV's) | Life Fitness | 2 |
| Treadmill | 95Ti | Life Fitness | 8 |
| Treadmill | 97Ti | Life Fitness | 2 |
| Bike | 95Ci | Life Fitness | 3 |
| Bike | 95Ri | Life Fitness | 5 |
| Stair Stepper | 95Si | Life Fitness | 2 |
| Elliptical | 95Xi | Life Fitness | 8 |
| Elliptical | EFX5461 | PreCor | 5 |
| | | | |
| Signature Pull Down | FZPD | Life Fitness | 1 |
| Signature Fly | FZFLY | Life Fitness | 1 |
| Signature Triceps Press | FZTP | Life Fitness | 1 |
| Signature Glute | FZGL | Life Fitness | 1 |
| Signature Seated Leg Press | FZSLP | Life Fitness | 1 |
| Signature Leg Extension | FZLE | Life Fitness | 1 |
| Signature Seated Leg Curl | FZSLC | Life Fitness | 1 |
| Pro 2 SE Hip Adductor | PSHADSE | Life Fitness | 1 |
| Pro 2 SE Hip Abductor | PSHABSE | Life Fitness | 1 |
| Pro 2 SE Leg Curl | PSLCSE | Life Fitness | 1 |
| Pro 2 SE Shoulder Press | PSSPSE | Life Fitness | 1 |
| Pro 2 SE Chest Press | PSCPSE | Life Fitness | 1 |
| Pro 2 SE Fly | PSFLYSE | Life Fitness | 1 |
| Ab Chair | | Hammer Strength | 1 |
| Bicep Curl | PSBCSE | Life Fitness | 1 |
| MTS Abdominal Crunch | MTSA8 | Hammer Strength | 1 |
| Pro 2 SE Lateral Raise | PSLRSE | Life Fitness | 1 |
| Pro 2 SE Row/Rear Delt | PSRWSE | Life Fitness | 1 |
| Pro 2 Assisted Dip Chin | MJ8 | Life Fitness | 1 |
| | | | |
| Decline Bench Press | A02 | Hammer Strength | 1 |
| Incline Bench Press | A00 | Hammer Strength | 1 |
| Lateral Bench Press | A00 | Hammer Strength | 1 |
| Plate Loaded Linear Leg | PLLL2 | Hammer Strength | 1 |
| Plate Loaded Linear Hack | PLLHP | Hammer Strength | 1 |
| Plate Loaded Smith Machine | PLSM | Hammer Strength | 1 |
| Free Weight Adj Bench | FWMAB | Life Fitness | 1 |



| | | | |
|---|---|---|---|
| Seated Calf | B02 | Hammer Strength | 1 |
| Incline Seat | A00 | Hammer Strength | 1 |
| | | | |
| Iso Lateral Incline Press | E00 | Hammer Strength | 1 |
| Iso Lateral Shoulder Press | | Hammer Strength | 1 |
| Iso Lateral Low Row | D00 | Hammer Strength | 1 |
| Iso Lateral High Row | C | Hammer Strength | 1 |
| Bio Lateral Bench Press | D0C | Hammer Strength | 1 |
| | | | |
| Weight Rack | | Hammer Strength | 1 |
| Weight Rack w/Dumbbells 3,5,8,10,12,15 | | Life Fitness | 1 each |
| Decline Bench | A01 | Hammer Strength | 1 |
| Incline Bench | A00 | Hammer Strength | 1 |
| Flat Bench | | Hammer Strength | 1 |
| Seat | A01q | Hammer Strength | 1 |
| Preacher Curl Bench | B00 | Hammer Strength | 1 |
| | | | |
| EZ Bar Rack | | Hammer Strength | 1 |
| EZ Bars | | Hammer Strength | 2 |
| Small Straight Bar | | Hammer Strength | 1 |
| EZ Bar (pre-loaded) 20, 30, 40, 50, 60, 70, 80, 90, 100, 110 | | IGX | 1 each |
| | | | |
| Squat Rack | | Hammer Strength | 1 |
| Back Extensions | AB100 | PreCor | 1 |
| Aback | | Hammer Strength | 1 |
| Sit-up Bench | | | |
| | | | |
| 45 LB Plates | | IGX | 35 |
| 35 LB Plates | | IGX | 24 |
| 25 LB Plates | | IGX | 36 |
| 10 LB Plates | | IGX | 34 |
| 5 LB Plates | | IGX | 22 |
| 2.5 LB Plates | | IGX | 10 |
| | | | 2 |
| Large Hammer Strength Racks for dumbbells | | Hammer Strength | 2 |
| Rubber Dumbbell Sets 5, 10, 15, 20, 25, 30, 35 | | | 1 pair each |

40, 45, 50, 55, 60, 65, 70, 75, 80, 85, 90, 95, 100, 105, 110

| | | |
|---|---|---|
| Physio Balls | SPRI | 12 |
| Step (platform) | The Step | 13 |
| Step Base | The Step | 54 |
| Yoga Mat | | 20 |
| Yoga Rolls | | 12 |
| Bosu Ball | | 2 |
| Yoga Blocks | | 11 |
| | | |
| TV w/stand | Gateway | 10 |
| TV w/stand | Sylvania | 9 |
| Medicine ball rack w/balls 4, 6, 8, 10, 12, 25 | Aeromat | 1 each |
| Jump rope | | 10 |
| Power system dumbbells | | Pairs |
| 3 LB | | 8 |
| 5 LB | | 6 |
| 8 LB | | 6 |
| 10 LB | | 4 |
| 12 LB | | 2 |
| 15 LB | | 1 |
| Resistance Band | | 13 |
| Small Band | | 13 |
| | | |
| Lockers (Mens) | | 45 |
| Lockers (Womens) | | 45 |
| Sun Dome Tanning Beds | 548V | 2 |
| | | |
| Locker Room Benches | | 2 |

In re _**Deborah S. Andreasen and Earl W. Andreasen**_ ,   Case No. _____
                    Debtor(s)                                              (if known)

# SCHEDULE C-PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:        ☐ Check if debtor claims a homestead exemption that exceeds $136,875.

(Check one box)

☐ 11 U.S.C. § 522(b) (2)
☒ 11 U.S.C. § 522(b) (3)

| Description of Property | Specify Law Providing each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemptions |
|---|---|---|---|
| _Cash_ | _735 ILCS 5/12-1001(b)_ | _$ 20.00_ | _$ 20.00_ |
| _First Midwest Courtyard Account_ | _735 ILCS 5/12-1001(b)_ | _$ 0.00_ | _$ 350.00_ |
| _Harris Bank - Deb's Account_ | _735 ILCS 5/12-1001(b)_ | _$ 664.00_ | _$ 664.00_ |
| _Harris Bank - Earl's Account_ | _735 ILCS 5/12-1001(b)_ | _$ 77.00_ | _$ 77.00_ |
| _Harris Bank Joint Account_ | _735 ILCS 5/12-1001(b)_ | _$ 657.00_ | _$ 657.00_ |
| _Clothing_ | _735 ILCS 5/12-1001(a)_ | _$ 500.00_ | _$ 500.00_ |
| _401K - Earl_ | _735 ILCS 5/12-1006_ | _$ 84,801.23_ | _$ 84,801.23_ |
| _1975 Cadillac Eldorado Convertable_ | _735 ILCS 5/12-1001(b)_ | _$ 3,900.00_ | _$ 3,900.00_ |
| _1980 Harley-Davidson Motorcycle_ | _735 ILCS 5/12-1001(b)_ | _$ 2,682.00_ | _$ 3,500.00_ |
| _2004 Nissan VX Frontier_ | _735 ILCS 5/12-1001(c)_ | _$ 4,800.00_ | _$ 4,800.00_ |
| _Airline Mechanic tools_ | _735 ILCS 5/12-1001(d)_ | _$ 2,500.00_ | _$ 2,500.00_ |

B6D (Official Form 6D) (12/07)

In re Deborah S. Andreasen and Earl W. Andreasen _____ ,   Case No. _____
         **Debtor(s)**                                                                    (if known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| Creditor's Name and Mailing Address Including ZIP Code and Account Number (See Instructions Above.) | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien | H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|---|
| Account No: -L07<br>Creditor # : 1<br>Alliant Credit Union<br>11545 W Touhy Ave<br>Chicago IL 60666 | J | Purchase Money Security<br><br>Value: $ 4,800.00 | | | | | $ 4,337.03 | $ 0.00 |
| Account No: 3601<br>Creditor # : 2<br>Alliant Credit Union ...3601<br>11545 W Touhy Ave<br>Chicago IL 60666 | J | 6/29/2007<br>Mortgage<br><br>Value: $ 325,000.00 | | | | | $ 25,000.00 | $ 25,000.00 |
| Account No: 6016<br>Creditor # : 3<br>Alliant Credit Union<br>11545 W Touhy Ave<br>Chicago IL 60666 | J | 5/8/2003<br>Mortgage<br><br>Value: $ 325,000.00 | | | | | $ 217,813.55 | $ 0.00 |

<u>1</u>   continuation sheets attached

Subtotal $ (Total of this page) | $ 247,150.58 | $ 25,000.00

Total $ (Use only on last page)

(Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data)

B6D (Official Form 6D) (12/07) - Cont.

In re *Deborah S. Andreasen and Earl W. Andreasen* ,      Case No._____
      **Debtor(s)**                                                              **(if known)**

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| Creditor's Name and Mailing Address Including ZIP Code and Account Number *(See Instructions Above.)* | Co-Debtor | Date Claim was Incurred, Nature of Lien, and Description and Market Value of Property Subject to Lien H--Husband W--Wife J--Joint C--Community | Contingent | Unliquidated | Disputed | Amount of Claim Without Deducting Value of Collateral | Unsecured Portion, If Any |
|---|---|---|---|---|---|---|---|
| Account No:<br>*Creditor # : 4*<br>*Capital One Auto Finance*<br>*3901 Dallas Parkway*<br>*Plano TX 75093* | W | *Purchase Money Security*<br><br>Value: *$ 8,025.00* | | | | *$ 10,500.00* | *$ 2,475.00* |
| Account No: *78-2*<br>*Creditor # : 5*<br>*First Midwest Bank....0778-2*<br>*One Pierce Place*<br>*Suite 1500*<br>*Itasca IL 60143* | J | *10/31/2008*<br>Mortgage<br>*24103 W Lockport, Business*<br>Value: *$ 440,000.00* | | | | *$ 12,541.82* | *$ 0.00* |
| Account No: *0778*<br>*Creditor # : 6*<br>*First Midwest Bank ...0778*<br>*One Pierce Place*<br>*Suite 1500*<br>*Itasca IL 60143* | J | *12/26/2006*<br>Mortgage<br><br>Value: *$ 440,000.00* | | | | *$ 426,817.64* | *$ 0.00* |
| Account No: *78-3*<br>*Creditor # : 7*<br>*First Midwest Bank...0778-3*<br>*One Pierce Place*<br>*Suite 1500*<br>*Itasca IL 60143* | J | *4/19/09*<br>Mortgage<br><br>Value: *$ 325,000.00* | | | | *$ 112,594.00* | *$ 5,407.55* |
| Account No:<br><br> | | Value: | | | | | |
| Account No:<br><br> | | Value: | | | | | |

Sheet no. 1 of 1 continuation sheets attached to Schedule of Creditors
Holding Secured Claims

| | | |
|---|---|---|
| **Subtotal $**<br>(Total of this page) | *$ 562,453.46* | *$ 7,882.55* |
| **Total $**<br>(Use only on last page) | *$ 809,604.04* | *$ 32,882.55* |
| | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (12/07)

In re _Deborah S. Andreasen and Earl W. Andreasen_ ,     Case No._____
        **Debtor(s)**                                                                    (if known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts NOT entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☒  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**     (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**
Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**
Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**
Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**
Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐  **Certain farmers and fishermen**
Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐  **Deposits by individuals**
Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**
Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**
Claims based on commitments to FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐  **Claims for Death or Personal Injury While Debtor Was Intoxicated**
Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

**No continuation sheets attached**

B6F (Official Form 6F) (12/07)

In re _Deborah S. Andreasen and Earl W. Andreasen_____,       Case No._____
        **Debtor(s)**                                                                          **(if known)**

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedules. Report this total also on the Summary of Schedules, and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: *Creditor # : 1* *All American Self Storage LLC* *1000 Ridge Road* *Minooka IL 60447* | | W | *2008* *Rent* *Landlord to Peak Fitness of Minooka LLC - Amount of claim unknown, but* | | | | *$ 2,000.00* |
| Account No: 4615 *Creditor # : 2* *AT&T Universal Card* *PO Box 6500* *Sioux Falls SD 57117-6500* | | H | *Credit Card Purchases* | | | | *$ 8,195.00* |
| Account No: 6198 *Creditor # : 3* *Bank of America* *PO Box 15026* *Wilmington DE 19850-5026* | | H | *Credit Card Purchases* | | | | *$ 23,514.04* |
| Account No: 093 *Creditor # : 4* *Bill Me Later* *PO Box 105658* *Atlanta GA 30348* | | W | *Credit Card Purchases* | | | | *$ 1,292.24* |

_5_ continuation sheets attached

|  | Subtotal $ | *$ 35,001.28* |
|---|---|---|
|  | Total $ |  |

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Deborah S. Andreasen and Earl W. Andreasen_ ,          Case No. _____

**Debtor(s)**                                                                (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   6260<br>Creditor # : 5<br>Chase ...6260<br>PO Box 15153<br>Wilmington DE 19886-5153 | | H | Credit Card Purchases | | | | $ 2,404.82 |
| Account No:   697<br>Creditor # : 6<br>Chase ...3697<br>PO Box 15298<br>Wilmington DE 19850-5298 | | H | Credit Card Purchases | | | | $ 17,744.54 |
| Account No:   500<br>Creditor # : 7<br>Chase ...8500<br>PO Box 15298<br>Wilmington DE 19850-5298 | | W | Credit Card Purchases | | | | $ 1,334.35 |
| Account No:   1668<br>Creditor # : 8<br>Citi ...1668<br>PO Box 688901<br>Des Moines IA 50368-8901 | | W | Credit Card Purchases | | | | $ 5,029.18 |
| Account No:   9882<br>Creditor # : 9<br>Discover Card<br>PO Box 6103<br>Carol Stream IL 60197-6103 | | W | Credit Card Purchases | | | | $ 4,615.21 |
| Account No:   3448<br>Creditor # : 10<br>Heart Care Centers of IL<br>PO Box 766<br>Bedford Park IL 60499-0766 | | J | Medical Bills<br>Bill for Brandon | | | | $ 277.60 |

Sheet No.   _1_ of   _5_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   | $ 31,405.70
Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - **Cont.**

In re _Deborah S. Andreasen and Earl W. Andreasen_ ,     Case No._____
**Debtor(s)**                                                                              (if known)

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number (See instructions above.) | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   39-1<br>Creditor # : 11<br>HFC<br>PO Box 3425<br>Buffalo NY 14240-9733 | | W | Credit Card Purchases | | | | $ 21,806.47 |
| Account No:   5317<br>Creditor # : 12<br>HSBC MasterCard<br>PO Box 80084<br>Salinas CA 93912-0084 | | W | Credit Card Purchases | | | | $ 439.51 |
| Account No:   1972<br>Creditor # : 13<br>Menards ...1972<br>PO Box 15521<br>Wilmington DE 19850-5521 | | W | Credit Card Purchases | | | | $ 623.41 |
| Account No:   6192<br>Creditor # : 14<br>Best Buy<br>PO Box 15521<br>Wilmington DE 19850-5521 | | J | Credit Card Purchases | | | | $ 808.84 |
| Account No:   6268<br>Creditor # : 15<br>Menards...6268<br>PO Box 15521<br>Wilmington DE 19850-5521 | | H | 8/16/2009<br>Credit Card Purchases | | | | $ 831.39 |
| Account No:<br>Creditor # : 16<br>Jayne Sutcliffe<br>1613 Fieldstone Dr. N<br>Shorewood IL 60404 | | J | Obligations which may arise under Limited Partnership Agreement.  See | | | | $ 50,000.00 |

Sheet No.   _2_ of   _5_ continuation sheets attached to Schedule of                                  **Subtotal $**   $ 74,509.62
Creditors Holding Unsecured Nonpriority Claims                                                        **Total $**
(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Deborah S. Andreasen and Earl W. Andreasen_____,   Case No. _____
**Debtor(s)**   (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   6 1<br>Creditor # : 17<br>JC Penney<br>PO Box 981131<br>El Paso TX 79998-1131 | | W | Credit Card Purchases | | | | $ 945.00 |
| Account No:<br>Creditor # : 18<br>Peacock & McFarland, P.C.<br>101 1/2 West Washington Street<br>PO Box 69<br>Morris IL 60450 | | J | claim amount unknown but estimated | | | | $ 15,000.00 |
| Account No:   54 1<br>Creditor # : 19<br>Macy's Credit Card ...054 1<br>685 Market Street<br>San Francisco CA 94105 | | H | Credit Card Purchases | | | | $ 877.79 |
| Account No:   41-0<br>Creditor # : 20<br>Macy's Credit Card ...741 0<br>685 Market Street<br>San Francisco CA 94105 | | W | Credit Card Purchases | | | | $ 1,868.56 |
| Account No:   1323<br>Creditor # : 21<br>OLD NAVY<br>PO Box 981064<br>El Paso TX 79998-1064 | | W | Credit Card Purchases | | | | $ 61.12 |
| Account No:<br>Creditor # : 22<br>P. F. O. M., Inc<br>1010 S. Ridge Rd.<br>Minooka IL 60447 | | J | 2007<br><br>Obligations which may arise due to 1/3 interest in Corporaton; | | | | $ 50,000.00 |

Sheet No. _3_ of _5_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $   $ 68,752.47

Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07)   - Cont.

In re _Deborah S. Andreasen and Earl W. Andreasen_____,   Case No._____

    **Debtor(s)**                                                                    (if known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No: <br> Creditor # : 23 <br> Paul Humphries <br> 1613 Fieldstone Dr N <br> Shorewood IL 60404 | | J | Obligations which may arise under Limited Partnership Agreement.  See | | | | $ 50,000.00 |
| Account No: <br> Creditor # : 24 <br> Peak Fitness of Minooka, LLC <br> 1010 S. Ridge Rd. <br> Minooka IL 60447 | | J | 2007 <br> Obligations which may arise under Limited Partnership Agreement.  See | | | | $ 150,000.00 |
| Account No: <br> Creditor # : 25 <br> Rebecca Stonitsch <br> 24461 S Mooreman <br> Channahon IL 60410 | | J | Obligations which may arise under Limited Partnership Agreement.  See | | | | $ 50,000.00 |
| Account No: <br> Creditor # : 26 <br> Timothy Rathbun <br> 3260 Executive Dr <br> Joliet IL 60431 | | J | Attorney for Limited Partnership | | | | $ 0.00 |
| Account No: <br> Creditor # : 27 <br> Todd Stonitsch <br> 24461 S. Mooreman <br> Channahon IL 60410 | | J | Obligations which may arise under Limited Partnership Agreement.  See | | | | $ 50,000.00 |
| Account No:   9654 <br> Creditor # : 28 <br> Union Plus Credit ...9654 <br> PO Box 80027 <br> Salinas CA 93912-0027 | | W | Credit Card Purchases | | | | $ 430.55 |

Sheet No.   4   of   5   continuation sheets attached to Schedule of                      Subtotal $    $ 300,430.55
Creditors Holding Unsecured Nonpriority Claims

                                                                                          Total $

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6F (Official Form 6F) (12/07) - Cont.

In re _Deborah S. Andreasen and Earl W. Andreasen_____ ,     Case No._____
        **Debtor(s)**     **(if known)**

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

(Continuation Sheet)

| Creditor's Name, Mailing Address including Zip Code, And Account Number *(See instructions above.)* | Co-Debtor | H--Husband W--Wife J--Joint C--Community | Date Claim was Incurred, and Consideration for Claim. If Claim is Subject to Setoff, so State. | Contingent | Unliquidated | Disputed | Amount of Claim |
|---|---|---|---|---|---|---|---|
| Account No:   0656<br>Creditor # : 29<br>Union Plus Credit ...0656<br>PO Box 80027<br>Salinas CA 93912-0027 | | H | Credit Card Purchases | | | | $ 6,826.52 |
| Account No:   8141<br>Creditor # : 30<br>Wells Fargo<br>PO Box 5943<br>Sioux Falls SD 57117-5943 | | W | Credit Card Purchases | | | | $ 1,128.79 |
| Account No:   -446<br>Creditor # : 31<br>Express<br>PO Box 182125<br>Columbus OH 43218-2125 | | W | Credit Card Purchases | | | | $ 501.72 |
| Account No: | | | | | | | |
| Account No: | | | | | | | |
| Account No: | | | | | | | |

Sheet No.   _5_ of   _5_ continuation sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal $     $ 8,457.03

Total $     $ 518,556.65

(Use only on last page of the completed Schedule F. Report also on Summary of Schedules
and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data)

B6G (Official Form 6G) (12/07)

In re **Deborah S. Andreasen and Earl W. Andreasen** _____ / Debtor    Case No. _____
                                                                                                    (if known)

# SCHEDULE G-EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State the nature of debtor's interests in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name.  See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if the debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract. | Description of Contract or Lease and Nature of Debtor's Interest. State whether Lease is for Nonresidential Real Property. State Contract Number of any Government Contract. |
|---|---|
| *Lexus Financial*<br>*2480 Aurora Ave*<br>*Naperville IL   60540* | Contract Type:*Vehicle lease*<br>Terms: *48 months*<br>Beginning date:*6/27/2009*<br>Debtor's Interest:*Lessee*<br>Description: *2009 Lexus IS 250*<br><br>Buyout Option:*$15,660 at end of lease* |

B6H (Official Form 6H) (12/07)

In re _Deborah S. Andreasen and Earl W. Andreasen_ _____ / Debtor      Case No. _____

(if known)

# SCHEDULE H-CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preeceding the commencement of the case, identify the name of the debtors spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☒ Check this box if the debtor has no codebtors.

| Name and Address of Codebtor | Name and Address of Creditor |
|---|---|
|  |  |

B6I (Official Form 6I) (12/07)

**In re** Deborah S. Andreasen and Earl W. Andreasen          ,     **Case No.** _____
            **Debtor(s)**                                                              **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: **Married** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP(S): | AGE(S): |

| EMPLOYMENT: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Insurance Agent** | **Aircraft Mechanic** |
| Name of Employer | **Fazio Insurance** | **United Airlines** |
| How Long Employed | **3 years** | **24 years** |
| Address of Employer | **550 Ruby St.**<br>**Joliet IL  60435** | **PO Box 66100**<br>**Chicago IL  60666** |
| Occupation | **Hometown Fitness** | |
| Name of Employer | **Hometown Fitness** | |
| How Long Employed | **1 year** | |
| Address of Employer | **Rt 59**<br>**Plainfield IL  60544** | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | | DEBTOR | SPOUSE |
|---|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | | $ **7,455.26** | $ **5,994.39** |
| 2. Estimate monthly overtime | | $ **0.00** | $ **0.00** |
| 3. SUBTOTAL | | $ **7,455.26** | $ **5,994.39** |
| 4. LESS PAYROLL DEDUCTIONS | | | |
| a. Payroll taxes and social security | | $ **1,003.42** | $ **1,143.35** |
| b. Insurance | | $ **0.00** | $ **328.38** |
| c. Union dues | | $ **0.00** | $ **65.00** |
| d. Other (Specify): **401 (k) 5%** | | $ **0.00** | $ **281.60** |
| **401 (k)** | | $ **0.00** | $ **138.26** |
| **Credit union** | | $ **0.00** | $ **1,644.00** |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | | $ **1,003.42** | $ **3,600.59** |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | | $ **6,451.84** | $ **2,393.80** |
| 7. Regular income from operation of business or profession or farm (attach detailed statement) | | $ **0.00** | $ **4,500.00** |
| 8. Income from real property | | $ **0.00** | $ **0.00** |
| 9. Interest and dividends | | $ **0.00** | $ **0.00** |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | | $ **0.00** | $ **0.00** |
| 11. Social security or government assistance (Specify): | | $ **0.00** | $ **0.00** |
| 12. Pension or retirement income | | $ **0.00** | $ **0.00** |
| 13. Other monthly income (Specify): | | $ **0.00** | $ **0.00** |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | | $ **0.00** | $ **4,500.00** |
| 15. AVERAGE MONTHLY INCOME    (Add amounts shown on lines 6 and 14) | | $ **6,451.84** | $ **6,893.80** |
| 16. COMBINED AVERAGE MONTHLY INCOME:   (Combine column totals from line 15; if there is only one debtor repeat total reported on line 15) | | $ **13,345.64** | |
| | | (Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data) | |

**In re** *Deborah S. Andreasen and Earl W. Andreasen* _____ ,     **Case No.** _____
                    **Debtor(s)**                                                                    **(if known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:

B6J(Official Form 6J)(12/07)

In re _Deborah S. Andreasen and Earl W. Andreasen_ ,       **Case No.** _____

_____Debtor(s)_____                                              (if known)

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22 A or 22C.

☐ Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | $ | 1,354.14 |
|    a. Are real estate taxes included?    Yes ☐    No ☒ | | |
|    b. Is property insurance included?    Yes ☐    No ☒ | | |
| 2. Utilities: a. Electricity and heating fuel | $ | 400.00 |
|    b. Water and sewer | $ | 80.00 |
|    c. Telephone | $ | 30.00 |
|    d. Other    _Cable_ | $ | 75.00 |
|    Other | $ | 0.00 |
| 3. Home maintenance (repairs and upkeep) | $ | 100.00 |
| 4. Food | $ | 900.00 |
| 5. Clothing | $ | 100.00 |
| 6. Laundry and dry cleaning | $ | 30.00 |
| 7. Medical and dental expenses | $ | 150.00 |
| 8. Transportation (not including car payments) | $ | 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 50.00 |
| 10. Charitable contributions | $ | 0.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|    a. Homeowner's or renter's | $ | 79.00 |
|    b. Life | $ | 40.34 |
|    c. Health | $ | 105.82 |
|    d. Auto | $ | 218.00 |
|    e. Other    _State Insurance License_ | $ | 15.00 |
|    Other    _Dental Insurance_ | $ | 12.96 |
|    Line 11 Continuation Page Total (see continuation page for itemization) | $ | 497.75 |
| 12. Taxes (not deducted from wages or included in home mortgage) | | |
| (Specify)    **Real Estate Taxes** | $ | 647.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|    a. Auto | $ | 132.67 |
|    b. Other: _Auto Lease_ | $ | 468.00 |
|    c. Other: _2nd Mortgage_ | $ | 780.00 |
|    Line 13 Continuation Page Total (see continuation page for itemization) | $ | 724.07 |
| 14. Alimony, maintenance, and support paid to others | $ | 0.00 |
| 15. Payments for support of additional dependents not living at your home | $ | 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| 17. Other: | $ | 0.00 |
|    Other: | $ | 0.00 |
| | | 0.00 |
| 18. AVERAGE MONTHLY EXPENSES  Total lines 1-17. Report also on Summary of Schedules | $ | 6,989.75 |
|    and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
|    a. Average monthly income from Line 16 of Schedule I | $ | 13,345.64 |
|    b. Average monthly expenses from Line 18 above | $ | 6,989.75 |
|    c. Monthly net income (a. minus b.) | $ | 6,355.89 |

In re _Deborah S. Andreasen and Earl W. Andreasen_____ ,    **Case No.** _____
                    **Debtor(s)**

# SCHEDULE J-CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR
**(Continuation page)**

**11. (continuation) OTHER INSURANCE**

| | |
|---|---|
| _Disability Insurance_ | $ 462.00 |
| _Term Ins, Hartford_ | $ 35.75 |
| **Line 11 Continuation Page Total (seen as line item "11" on Schedule J)** | $ 497.75 |

**13. (continuation) OTHER INSTALLMENTS**

| | |
|---|---|
| _Alliant Mortgage_ | $ 74.00 |
| _Auto, 2009 Chevy Aveo_ | $ 220.00 |
| _Auto, 2000 Ford F350_ | $ 363.40 |
| _Education_ | $ 66.67 |
| **Line 13 Continuation Page Total (seen as line item "13" on Schedule J)** | $ 724.07 |

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re: **Deborah S. Andreasen**
     **and**
     **Earl W. Andreasen**

Case No.

Chapter   **7**

# BUSINESS INCOME AND EXPENSES

FINANCIAL REVIEW OF THE DEBTOR'S BUSINESS (NOTE:  ONLY INCLUDE information directly related to the business operation.)

| | | |
|---|---:|---:|
| PART A - GROSS BUSINESS INCOME FOR PREVIOUS 12 MONTHS: | | |
|   1.  Gross Income For 12 Months Prior to Filing: | | $ **54,000.00** |
| | | |
| PART B - ESTIMATED AVERAGE FUTURE <u>GROSS</u> MONTHLY INCOME: | | |
|   2.  Gross Monthly Income: | | $ **4,500.00** |
| | | |
| PART C - ESTIMATED FUTURE MONTHLY EXPENSES: | | |
|   3.  Net Employee Payroll (Other Than Debtor) | $ **0.00** | |
|   4.  Payroll Taxes | **0.00** | |
|   5.  Unemployment Taxes | **0.00** | |
|   6.  Worker's Compensation | **0.00** | |
|   7.  Other Taxes | **58.81** | |
|   8.  Inventory Purchases (Including raw materials) | **0.00** | |
|   9.  Purchase of Feed/Fertilizer/Seed/Spray | **0.00** | |
| 10.  Rent (Other than debtor's principal residence) | **0.00** | |
| 11.  Utilities | **625.00** | |
| 12.  Office Expenses and Supplies | **0.00** | |
| 13.  Repairs and Maintenance | **150.00** | |
| 14.  Vehicle Expenses | **0.00** | |
| 15.  Travel and Entertainment | **0.00** | |
| 16.  Equipment Rental and Leases | **0.00** | |
| 17.  Legal/Accounting/Other Professional Fees | **0.00** | |
| 18.  Insurance | **217.52** | |
| 19.  Employee Benefits (e.g., pension, medical, etc.) | **0.00** | |
| | | |
| 20.  Payments to Be Made Directly By Debtor to Secured Creditors For | | |
|      Pre-Petition Business Debts (Specify): | | |
|      **First Miswest 1st mortgage** | $ **2,894.25** | |
|      **First Midwest Note secured by mortgage** | **366.94** | |
| | **0.00** | |
| | | |
| 21.  Other (Specify) | | |
|      **Property Tax** | $ **616.98** | |
| | **0.00** | |
| | **0.00** | |
| | | |
| 22.  Total Monthly Expenses | | $ **4,929.50** |
| | | |
| PART D - ESTIMATED AVERAGE  <u>NET</u> MONTHLY INCOME: | | |
| | | |
| 23.  AVERAGE NET MONTHLY INCOME (Subtract Item 22 from Item 2) | | $ **-429.50** |

B6 Declaration (Official Form 6 - Declaration) (12/07)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen and Earl W. Andreasen*

Case No.

Chapter   **7**

_____ / Debtor

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's  liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data"if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | Attached (Yes/No) | No. of Sheets | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A-Real Property | *Yes* | *1* | $   765,000.00 | | |
| B-Personal Property | *Yes* | *4* | $   109,794.23 | | |
| C-Property Claimed as Exempt | *Yes* | *1* | | | |
| D-Creditors Holding Secured Claims | *Yes* | *2* | | $   809,604.04 | |
| E-Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | *Yes* | *1* | | $   0.00 | |
| F-Creditors Holding Unsecured Nonpriority Claims | *Yes* | *6* | | $   518,556.65 | |
| G-Executory Contracts and Unexpired Leases | *Yes* | *1* | | | |
| H-Codebtors | *Yes* | *1* | | | |
| I-Current Income of Individual Debtor(s) | *Yes* | *2* | | | $   13,345.64 |
| J-Current Expenditures of Individual Debtor(s) | *Yes* | *2* | | | $   6,989.75 |
| TOTAL | | *21* | $   874,794.23 | $   1,328,160.69 | |

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen and Earl W. Andreasen*

Case No.

Chapter **7**

_____ / Debtor

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C. § 101(8), filing a case under chapter 7, 11, or 13, you must report all information requested below.

☒ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | $ |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | $ |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | $ |
| Student Loan Obligations (from Schedule F) | $ |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | $ |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | $ |
| **TOTAL** | $ |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | $ |
| Average Expenses (from Schedule J, Line 18) | $ |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20) | $ |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | $ |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | $ | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | $ |
| 4. Total from Schedule F | | $ |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | $ |

**B6 Declaration (Official Form 6 - Declaration) (12/07)**

In re _Deborah S. Andreasen and Earl W. Andreasen_                    Case No. _____
                                    Debtor                                                    (if known)

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY AN INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____22_____ sheets, and that they are true and correct to the best of my knowledge, information and belief.

Date:  _9/1/2009_____            Signature   _/s/ Deborah S. Andreasen_____
                                                                            _Deborah S. Andreasen_


Date:  _9/1/2009_____            Signature   _/s/ Earl W. Andreasen_____
                                                                            _Earl W. Andreasen_

                                                    [If joint case, both spouses must sign.]


Penalty for making a false statement or concealing property: Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re: *Deborah S. Andreasen*
   *and*
   *Earl W. Andreasen*

Case No.

## STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112 and Fed. R. Bankr. P. 1007(m).

Questions 1-18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19-25. If the answer to an applicable question is "None," mark the box labeled "None." If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

## DEFINITIONS

"In business." A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor my also be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

"Insider." The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporation debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. §101.

---

### 1. Income from employment or operation of business

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT

SOURCE

*Year to date:  $24,466*
  *Last Year: $41,700.00*
*Year before: $32,687.00*

*All from Employment*

---

*Year to date: $44,376.00*
  *Last Year: $155,032.00*
*Year before: $54,017.00*

*All from employment.*

---

*Year to date:$31,500*
  *Last Year:$54,000*
*Year before:*

*Business, rental income*

---

## 2. Income other than from employment or operation of business

None ☒ State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the two years immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 3. Payments to creditors

None ☒ Complete a. or b., as appropriate, and c.

a. Individual or joint debtor(s) with primarily consumer debts: List all payments on loans, installment purchases of goods or services, and other debts to any creditor, made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒ b. Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within 90 days immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒ c. All debtors: List all payments made within one year immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 4. Suits and administrative proceedings, executions, garnishments and attachments

None ☒ a. List all suits and administrative proceedings to which the debtor is or was a party within one year immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒ b. Describe all property that has been attached, garnished or seized under any legal or equitable process within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 5. Repossessions, foreclosures and returns

None ☒ List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 6. Assignments and receiverships

None ☒ a. Describe any assignment of property for the benefit of creditors made within 120 days immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 7. Gifts

None ☒    List all gifts or charitable contributions made within one year immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 8. Losses

None ☒    List all losses from fire, theft, other casualty or gambling within one year immediately preceding the commencement of this case or since the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 9. Payments related to debt counseling or bankruptcy

None ☒    List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within one year immediately preceding the commencement of this case.

## 10. Other transfers

None ☒    a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within two years immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None ☒    b. List all property transferred by the debtor within ten years immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a benificiary.

## 11. Closed financial accounts

None ☒    List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within one year immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

## 12. Safe deposit boxes

None ☒    List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within one year immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 13. Setoffs

None ☒  List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within 90 days preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

### 14. Property held for another person

None ☒  List all property owned by another person that the debtor holds or controls.

### 15. Prior address of debtor

None ☒  If the debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

### 16. Spouses and Former Spouses

None ☒  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within eight years immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

### 17. Environmental Information

None ☒  For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to disposal sites.

"Hazardous Material" means anything defined as hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law:

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

None ☒  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None ☒  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law, with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

## 18. Nature, location and name of business

None
☐

a. If the debtor is an individual, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within six years immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within six years immediately preceding the commencement of this case

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses       in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses       in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencment of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|
| *Andred Enterprises* | *ID:20-1627706* | *943 Hawthorne Circle Plainfield, IL 60544* | *Shell Corp to receive payments from Peak Fitness, LLC; now disolved by reason of non payment of fees; last payment received in August 2006* | *10/1/04 to 10/1/2006* |

None
☒

b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within six years immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case.   A debtor who has not been in business within those six years should go directly to the signature page.)

## 19. Books, records and financial statements

None
☒

a. List all bookkeepers and accountants who within two years immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

None
☒

b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

None ☒  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

None ☒  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within two years immediately preceding the commencement of this case.

## 20. Inventories

None ☒  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

None ☒  b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

## 21. Current Partners, Officers, Directors and Shareholders

None ☒  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

None ☒  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

## 22. Former partners, officers, directors and shareholders

None ☒  a. If the debtor is a partnership, list each member who withdrew from the partnership within one year immediately preceding the commencement of this case.

None ☒  b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within one year immediately preceding the commencement of this case.

## 23. Withdrawals from a partnership or distribution by a corporation

None ☒  If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during one year immediately preceding the commencement of this case.

**24. Tax Consolidation Group.**

None ☒  If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within six years immediately preceeding the commencement of the case.

**25. Pension Funds.**

None ☒  If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within six years immediately preceding the commencement of the case.

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature   */s/ Deborah S. Andreasen* _____
                                 of Debtor

Date _____     Signature   */s/ Earl W. Andreasen* _____
                                 of Joint Debtor
                                 (if any)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen and Earl W. Andreasen*

Case No.

Chapter  **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - HUSBAND'S DEBTS

**Part A -**  Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No.

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *None* | |

Property will be (check one) :

☐ Surrendered      ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt      ☐ Not claimed as exempt

**Part B -**  Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| **Lessor's Name:** | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes      ☐ No |

## Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____      Debtor:  */s/ Earl W. Andreasen*

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen and Earl W. Andreasen*    Case No.
Chapter **7**

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - WIFE'S DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

| Property No. | |
|---|---|
| **Creditor's Name :** <br> *None* | **Describe Property Securing Debt :** |

Property will be (check one) :

☐ Surrendered    ☐ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☐ Reaffirm the debt

☐ Other. Explain _____   (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☐ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. | | |
|---|---|---|
| **Lessor's Name:** <br> *None* | **Describe Leased Property:** | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): <br><br> ☐ Yes    ☐ No |

## Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____    Debtor:  */s/ Deborah S. Andreasen* _____

B 8 (Official Form 8) (12/08)

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen and Earl W. Andreasen*

Case No.

Chapter  7

_____ / Debtor

## CHAPTER 7 STATEMENT OF INTENTION - JOINT DEBTS

**Part A -** Debts Secured by property of the estate. (Part A must be completed for EACH debt which is secured by property of the estate. Attach additional pages if necessary.)

Property No. *1*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *Alliant Credit Union* | *14816 S Hawthorne Circle, Plainfield IL 60544* |

Property will be (check one) :

☐ Surrendered     ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

Property No. *2*

| **Creditor's Name :** | **Describe Property Securing Debt :** |
|---|---|
| *First Midwest Bank...0778-3* | *14816 S Hawthorne Circle, Plainfield IL 60544* |

Property will be (check one) :

☐ Surrendered     ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt     ☒ Not claimed as exempt

---

Property No. **3**

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *First Midwest Bank ...0778* | *24103 W Lockport St, Plainfield, IL 60544* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

Property No. **4**

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *Alliant Credit Union ...3601* | *14816 S Hawthorne Circle, Plainfield IL 60544* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

---

Property No. **5**

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *First Midwest Bank....0778-2* | *24103 W Lockport St, Plainfield, IL 60544* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

Property No.  *6*

| Creditor's Name : | Describe Property Securing Debt : |
|---|---|
| *Alliant Credit Union* | *2004 Nissan VX Frontier* |

Property will be (check one) :

☐ Surrendered    ☒ Retained

If retaining the property, I intend to (check at least one) :

☐ Redeem the property

☒ Reaffirm the debt

☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C § 522 (f)).

Property is (check one) :

☐ Claimed as exempt    ☒ Not claimed as exempt

**Part B -** Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

Property No.

| Lessor's Name: | Describe Leased Property: | Lease will be assumed pursuant to 11 U.S.C. § 365(p)(2): |
|---|---|---|
| *None* | | ☐ Yes    ☐ No |

## Signature of Debtor(s)

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date: _____   Debtor: *_/s/ Deborah S. Andreasen_* _____

Date: _____   Joint Debtor: *_/s/ Earl W. Andreasen_* _____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS

In re   *Deborah S. Andreasen*                                          Case No.
          *and*                                                         Chapter **7**
        *Earl W. Andreasen*

_____ / Debtor

Attorney for Debtor:   **Robert G. Whitley, Jr.**

## STATEMENT PURSUANT TO RULE 2016(B)

The undersigned, pursuant to Rule 2016(b), Bankruptcy Rules, states that:

1.  The undersigned is the attorney for the debtor(s) in this case.

2.  The compensation paid or agreed to be paid by the debtor(s), to the undersigned is:
    a)  For legal services rendered or to be rendered in contemplation of and in
        connection with this case . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $ _____*3,500.00*_____
    b)  Prior to the filing of this statement, debtor(s) have paid . . . . . . . . . . . . . . $ _____*3,500.00*_____
    c)  The unpaid balance due and payable is . . . . . . . . . . . . . . . . . . . . . . . . . $ _____*0.00*_____

3.  $ _____*299.00*_____ of the filing fee in this case has been paid.

4.  The Services rendered or to be rendered include the following:
    a)  Analysis of the financial situation, and rendering advice and assistance to the debtor(s) in determining whether to
        file a petition under title 11 of the United States Code.
    b)  Preparation and filing of the petition, schedules, statement of financial affairs and other documents required by the
        court.
    c)  Representation of the debtor(s) at the meeting of creditors.

5.  The source of payments made by the debtor(s) to the undersigned was from earnings, wages and compensation for
    services performed, and
        *None other*

6.  The source of payments to be made by the debtor(s) to the undersigned for the unpaid balance remaining, if any, will
    be from earnings, wages and compensation for services performed, and
        *None other*

7.  The undersigned has received no transfer, assignment or pledge of property from debtor(s) except the following for
    the value stated:
        *None*

8.  The undersigned has not shared or agreed to share with any other entity, other than with members of undersigned's
    law firm, any compensation paid or to be paid except as follows:
        *None*

Dated:                                   Respectfully submitted,


                              X */s/ Robert G. Whitley, Jr.* _____
        Attorney for Petitioner: *Robert G. Whitley, Jr.*
                                 *Robert G. Whitley, Jr. P.C.*
                                 *15028 S. DesPlaines Street*
                                 *Plainfield IL  60544*

                                 *815-436-4700*

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS

In re *Deborah S. Andreasen*                        Case No.
    *and*                                        Chapter  *7*
    *Earl W. Andreasen*

_____ / Debtor

Attorney for Debtor:  *Robert G. Whitley, Jr.*

## VERIFICATION OF CREDITOR MATRIX

      The above named Debtor(s) hereby verify that the attached list of creditors is true and correct to the best of our knowledge.

Date: _____              */s/ Deborah S. Andreasen*_____
                                        Debtor

                                        */s/ Earl W. Andreasen*_____
                                        Joint Debtor

All American Self Storage LTC
1000 Ridge Road
Minooka, IL  60447

Alliant Credit Union ...3601
11545 W Touhy Ave
Chicago, IL  60666

Alliant Credit Union
11545 W Touhy Ave
Chicago, IL  60666

Deborah S. Andreasen
14816 S. Hawthorne Circle
Plainfield, IL  60544

Earl W. Andreasen
14816 S. Hawthorne Circle
Plainfield, IL  60544

AT&T Universal Card
PO Box 6500
Sioux Falls, SD  57117-6500

Bank of America
PO Box 15026
Wilmington, DE  19850-5026

Bill Me Later
PO Box 105658
Atlanta, GA  30348

Capital One Auto Finance
3901 Dallas Parkway
Plano, TX  75093

Chase ...3697
PO Box 15298
Wilmington, DE  19850-5298

Chase ...8500
PO Box 15298
Wilmington, DE  19850-5298

Chase ...6260
PO Box 15153
Wilmington, DE  19886-5153

Citi ...1668
PO Box 688901
Des Moines, IA  50368-8901

Discover Card
PO Box 6103
Carol Stream, IL  60197-6103

First Midwest Bank...0778-3
One Pierce Place
Suite 1500
Itasca, IL  60143

First Midwest Bank....0778
One Pierce Place
Suite 1500
Itasca, IL  60143

First Midwest Bank....0778-2
One Pierce Place
Suite 1500
Itasca, IL  60143

Heart Care Centers of IL
PO Box 766
Bedford Park, IL  60499-0766

HFC
PO Box 3425
Buffalo, NY  14240-9733

HSBC MasterCard
PO Box 80084
Salinas, CA  93912-0084

Menards...6268
PO Box 15521
Wilmington, DE  19850-5521

Best Buy
PO Box 15521
Wilmington, DE  19850-5521

Menards ...1972
PO Box 15521
Wilmington, DE  19850-5521

Jayne Sutcliffe
1613 Fieldstone Dr. N
Shorewood, IL  60404

JC Penney
PO Box 981131
El Paso, TX  79998-1131

Peacock & McFarland, P.C.
101 1/2 West Washington Street
PO Box 69
Morris, IL  60450

Lexus Financial
2480 Aurora Ave
Naperville, IL  60540

Macy's Credit Card ...741 0
685 Market Street
San Francisco, CA  94105

Macy's Credit Card ...054 1
685 Market Street
San Francisco, CA  94105

OLD NAME

PO Box 981064
El Paso, TX  79998-1064


P. F. O. M., Inc
1010 S. Ridge Rd.
Minooka, IL  60447


Paul Humphries
1613 Fieldstone Dr N
Shorewood, IL  60404


Peak Fitness of Minooka, LLC
1010 S. Ridge Rd.
Minooka, IL  60447


Rebecca Stonitsch
24461 S Mooreman
Channahon, IL  60410


Robert G. Whitley, Jr.
15028 S. DesPlaines Street
Plainfield, IL  60544


Timothy Rathbun
3260 Executive Dr
Joliet, IL  60431


Todd Stonitsch
24461 S. Mooreman
Channahon, IL  60410


Union Plus Credit ...0656
PO Box 80027
Salinas, CA  93912-0027


Union Plus Credit ...9654
PO Box 80027
Salinas, CA  93912-0027


Wells Fargo
PO Box 5943
Sioux Falls, SD  57117-5943


Express
PO Box 182125
Columbus, OH  43218-2125

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: Deborah S. Andreasen          )   Chapter        7
and                                  )   Bankruptcy Case No.
Earl W. Andreasen                    )
                                     )
Debtor(s)                            )

## DECLARATION REGARDING ELECTRONIC FILING
Signed by Debtor(s) or Corporate Representative and Attorney

PART I - DECLARATION OF PETITIONER          Date: 9/1/2009

A.   To be completed in all cases.

I(We) ___Deborah S. Andreasen___ and ___Earl W. Andreasen___ , the undersigned debtor(s), corporate officer, partner, or member, *hereby declare under penalty of perjury* that the information I(we) have given my (our)attorney, including correct social security number(s) and the information provided in the electronically filed petition, statements, and schedules is true and correct. I(we) consent to my(our) attorney sending the petition, statements, schedules, and this DECLARATION to the United States Bankruptcy Court. I(we) understand that this DECLARATION must be filed with the Clerk in addition to the petition. I(we) understand that failure to file this DECLARATION will cause this case to be dismissed pursuant to 11 U.S.C. sections 707(a) and 105.

B.   To be checked and applicable only if the petitioner is an individual (or individuals) whose debts are primarily consumer debts and who has (or have) chosen to file under chapter 7.

☐    I(we) am(are) aware that I(we) may proceed under chapter 7, 11, 12, or 13 of Title 11 United States Code; I(we) understand the relief available under each such chapter; I(we) choose to proceed under chapter 7; and I(we) request relief in accordance with chapter 7.

C.   To be checked and applicable only if the petition is a corporation, partnership, or limited liability entity.

☐    I declare under penalty of perjury that the information provided in this petition is true and correct and that I have been authorized to file this petition on behalf of the debtor. The debtor requests relief in accordance with the chapter specified in the petition.

Signature: _____          Signature: _____
(Debtor or Corporate Officer, Partner or Member)                    (Joint Debtor)

PART II - DECLARATION OF ATTORNEY          Date: _____

I *declare under penalty of perjury* that I have reviewed the above debtor's(s') petition and that the information is complete and correct to the best of my knowledge. The debtor(s) will have signed this form before I submit the petition, schedules, and statements. I will give the debtor(s) a copy of all forms and information to be filed with the United States Bankruptcy Court. If an individual, I further declare that I have informed the petitioner(s) that they may proceed under chapter 7, 11, 12 or 13 of Title 11, United States Code, and have explained the relief available under each such chapter. This declaration is based on all information of which I have knowledge.

Signature of Attorney: _____

Typed or Printed Name of Attorney: Robert G. Whitley, Jr.                    Bar #: 03005542
                                    Robert G. Whitley, Jr. P.C.
                                    15028 S. DesPlaines Street
                                    Plainfield , IL  60544
                                    815-436-4700          Fax:     815-436-5030

Form B 21 Official Form 21
(12/03)

## FORM 21. STATEMENT OF SOCIAL SECURITY NUMBER

### UNITED STATES BANKRUPTCY COURT
_____**DISTRICT OF**_____

In re                                )
                                     )
                                     )
                                     )
               Debtor                ) Case No. _____
                                     )
                                     )
Address _____  )
                                     )
        _____  )   Chapter _____
                                     )
Employer's Tax Identification (EIN) No(s). [if any]:_____ )
_____  )
Last four digits of Social Security No(s).:_____  )

### STATEMENT OF SOCIAL SECURITY NUMBER(S)

1.  Name of Debtor (enter Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information.)*

    Debtor has a Social Security Number and it is:   \*\*\*-\*\*-0207

    Debtor does not have a Social Security Number.

2.  Name of Joint Debtor (enter Last, First, Middle): _____
*(Check the appropriate box and, if applicable, provide the required information)*

    Joint Debtor has a Social Security Number and it is:   \*\*\*-\*\*-7614

    Joint Debtor does not have a Social Security Number.

I declare under penalty of perjury that the foregoing is true and correct.

    X _____
       Signature of Debtor                    Date

    X _____
       Signature of Debtor                    Date

*\*Joint debtors must provide information for both spouses.*
*Penalty for making a false statement:* Fine of up to $250,000 or up to 5 years
imprisonment or both.  18 U.S.C. §§ 152 and 3571.